PROB 12B  
(7/93)

Report Date: November 5, 2009

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 0 5 2009

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

| | |
|---|---|
| Name of Offender: Kimberlee Ann Klamroth | Case Number: 2:00CR00187-001 |
| Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, U.S. District Judge | |
| Date of Original Sentence: 5/3/2001 | Type of Supervision: Supervised Release |
| Original Offense: Conspiracy to Distribute 500 Grams or More of a Mixture Containing Methamphetamine, 21 U.S.C. § 841(a)(1) & 846 | Date Supervision Commenced: 7/23/2009 |
| Original Sentence: Prison - 120 Months; TSR - 60 Months | Date Supervision Expires: 7/22/2014 |

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

18   You shall reside in a residential reentry center (RRC) for a period of up to 90 days. You shall abide by the rules and requirements of the facility and shall participate in programs offered by the facility at the direction of the supervising officer.

19   You shall complete a mental health evaluation and follow any treatment recommendations of the evaluation professional which do not require forced or psychotropic medication and/or inpatient confinement absent further order of the Court. You shall allow reciprocal release of information between the supervising probation officer and treatment provider. You shall contribute to the cost of treatment according to your ability to pay.

## CAUSE

Kimberlee Klamroth violated the conditions of her supervised release by consuming marijuana on or about November 2, 2009, contrary to standard condition #7. Ms. Klamroth also violated conditions of her supervised release by frequenting a place where controlled substances were illegally used on October 31, 2009, contrary to standard condition #8.

On November 2, 2009, Kimberlee Klamroth was summoned to New Horizon Care Centers for urinalysis testing. The specimen was tested on site and returned a presumptive positive reading for marijuana metabolites. On November 3, 2009, the undersigned officer met with Ms. Klamroth at the U.S. Probation Office in Spokane, Washington. When questioned about this matter, Kimberlee Klamroth admitted to consuming a brownie while at a Halloween party on October 31, 2009. In elaborating, she vehemently denied knowingly consuming marijuana, however, admits that the

Prob 12B
**Re: Klamroth, Kimberlee Ann**
**November 5, 2009**
Page 2

illicit substance was in the dessert. According to Ms. Klamroth, she was told by other individuals at the party that marijuana was contained in the brownie. In addition to consuming marijuana, the offender consumed alcohol while frequenting a bar with a male acquaintance prior to attending the above-mentioned party. It is noted that Ms. Klamroth violated her conditions of supervised release by frequenting a party where illicit drugs were openly consumed by other participants. She acknowledges that she should have departed the party once it became known that illicit substances were being consumed.

Since release from Bureau of Prisons' custody on July 23, 2009, the offender has experienced a steady decline in her level of compliance while under supervision. Several discussions with the undersigned officer have occurred to address what are considered poor choices since release from custody.

Ms. Klamroth currently resides alone in a single family residence. She works part-time as a janitor for Action Final Clean in Spokane, Washington. It is the undersigned's opinion that her living and employment circumstances are tenuous at best. Essentially, the offender over-extended herself in renting the above-mentioned residence. Additionally, she secured employment with an individual who failed to comply while under supervised release supervision in the Eastern District of Washington. The above-noted employer is no longer under Federal supervision. Although the employment was questionable, the undersigned reluctantly agreed to allow Ms. Klamroth to work at the noted place of employment due to the downtrodden economy.

In an attempt to provide federal funding, if necessary, it is requested the Court modify the conditions of supervision to include mental health counseling and a 90-day residential reentry center (RRC) placement. The offender has agreed to participate in substance abuse and mental health counseling as required. As a result of Ms. Klamroth's use of an illicit substance, she was instructed to resume counseling at New Horizon Care Centers.

Kimberlee Klamroth appears amenable to counseling and residing in a stable environment while addressing her addiction problems. The undersigned officer will facilitate placement at a RRC if Your Honor concurs.

Ms. Klamroth was asked whether she would waive her right to a hearing and agree to the modifications as previously described. As indicated by the enclosed waiver of hearing to modify conditions of supervised release form, Ms. Klamroth has agreed to the proposed modifications.

It is respectfully recommended that the attached waiver of hearing to modify conditions of supervised release be adopted to require Kimberlee Klamroth to reside in, and satisfactorily participate in a RRC as a condition of supervised release, up to 90 days. It is also recommended the Court impose a mental health condition as noted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   11/05/2009

s/Tommy Rosser

Tommy Rosser
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[ ]  The Extension of Supervision as Noted Above
[X]  The Modification of Conditions as Noted Above
[ ]  Other

_____
Signature of Judicial Officer

11/5/09
_____
Date

PROB 49
(3/89)

# United States District Court

### Eastern District of Washington

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

  I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

  I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

18 You shall reside in a residential reentry center (RRC) for a period of up to 90 days. You shall abide by the rules and requirements of the facility and shall participate in programs offered by the facility at the direction of the supervising officer.

19 You shall complete a mental health evaluation and follow any treatment recommendations of the evaluation professional which do not require forced or psychotropic medication and/or inpatient confinement absent further order of the Court. You shall allow reciprocal release of information between the supervising probation officer and treatment provider. You shall contribute to the cost of treatment according to your ability to pay.

Witness: _____  Signed: _____
    Tommy Rosser         Kimberlee Ann Klamroth
   U.S. Probation Officer      Probationer or Supervised Releasee

          11·3·09
          Date