PROB 12B  
(7/93)

Report Date: July 26, 2012

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 26 2012

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Kimberlee Ann Klamroth           Case Number: 2:00CR00187-001

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea

Date of Original Sentence: 05/03/2001              Type of Supervision: Supervised Release

Original Offense: Conspiracy to Distribute 500 Grams or More of a Mixture Containing Methamphetamine, 21 U.S.C. § 841(a)(1) & 846 Conspiracy to Distribute 500 Grams or More of a Mixture Containing Methamphetamine, 21 U.S.C. § 841(a)(1) & 846

Date Supervision Commenced: 07/23/2009

Original Sentence: Prison - 120 Months; TSR - 60 Months

Date Supervision Expires: 01/18/2013

---

### PETITIONING THE COURT

To modify the conditions of supervision as follows:

20  You shall reside in a residential reentry center (RRC) up to the expiration of your supervision. You shall abide by the rules and requirements of the facility and shall participate in programs offered by the facility at the direction of the supervising officer.

### CAUSE

Kimberlee Klamroth violated conditions of her supervised release by consuming cocaine on or about July 24, failing to appear for a urinalysis test on July 23, and failing to respond to a directive given her by U.S. Probation Officer Gloria Petretee on July 20, 2012, contrary to conditions of supervised release.

On July 20, 2012, Kimberlee Klamroth reported to the U.S. Probation Office accompanied by attorney Gina Van Dessel after the court ordered her release from custody. The offender was unable to provide a urine specimen at that time. USPO Petretee reviewed phase urinalysis testing requirements and instructed the offender to reside at The Hope House located at 111 West 3rd Avenue, Spokane, Washington, until receiving further instruction from the undersigned officer.

On July 24, 2012, the undersigned officer attempted to establish contact with the offender at the above-mentioned women's shelter. Rusty Burnett program director at the shelter, verified that the offender has not stayed at the shelter to date.

Case 2:00-cr-00187-EFS   Document 64   Filed 07/26/12

Prob 12B
Re:  Klamroth, Kimberlee Ann
July 26, 2012
Page 2

Kimberlee Klamroth and attorney Van Dessel reported to the U.S. Probation Office later that afternoon. The offender submitted a urine specimen which revealed presumptive results for cocaine metabolites. Kimberlee Klamroth admitted consuming illicit drugs on July 23, 2012. In addition, she signed an Admission of Drug Use form acknowledging illicit drug use on the noted date. Upon further questioning, the offender admitted that she did not follow U.S. Probation Officer Petretee's directive to reside at The Hope House instead residing with a male friend in Spokane, Washington.

On July 25, 2012, the offender returned to the U.S. Probation Office and acknowledged that she failed to appear for urinalysis testing as required on Monday, July 23, 2012. Ms. Klamroth indicated that she was ill and did not call the testing line for instruction.

**Intermediate Sanction**: Kimberlee Klamroth was directed to abstain from illicit substances and to participate in a substance abuse evaluation. The offender is expected to follow all recommendations for treatment. She was also referred to a mental health provider and directed to resume counseling. Random urinalysis testing will continue throughout supervision.

It is noted that the offender did not resume working at her place of employment as discussed before the court. In fact, she was terminated from her position on July 25, 2012. According to Ms. Klamroth, she was fired without explanation when she reported for work. The relationship between the employer and Ms. Klamroth is well documented and relatively consistent with their interactions during supervision. The undersigned would not term her employment status with this employer as reputable or stable. Consequently, the offender is considered indigent and without financial means to support herself.

On July 25, 2012, Kimberlee Klamroth was given permission to reside at the Union Gospel Mission Crisis Shelter for Women and Children located at 1234 East Sprague. The undersigned independently verified her acceptance into the above-referenced program. Collateral contact with the shelter's director (Diane Hutton) occurred at the facility on July 26. Ms. Hutton confirmed the offender commenced participation on July 25, 2012. However, concern over her behavior immediately surfaced last evening.

According to Ms. Hutton, the offender departed the shelter at approximately midnight on July 25, en route to the Holy Family Hospital. Kimberlee Klamroth would later return approximately 3 a.m. on July 26, 2012. The offender told the director that she was given hydrocodone while at the hospital and a prescription for more opiate-based medication. Ms. Hutton instructed the offender to cease and desist consuming narcotic medication as any random urine testing conducted by the facility would show positive for prohibited drugs. As the shelter is a clean and sober facility, the offender would be terminated once her urine sample showed positive for narcotics. Ms. Hutton verified that valid prescriptions for narcotics are prohibited too. Ms. Hutton expressed concern over the offender possibly drug shopping at the hospital. It is noted that Kimberlee Klamroth will only receive a few days at the facility before a random urine test is conducted.

On July 25, 2012, Kimberlee Klamroth was asked whether she would waive her right to a hearing and agree to the modification as previously described. As indicated by the endorsed Waiver of Hearing to Modify Conditions of Supervision form, Ms. Klamroth has agreed to the proposed modification requiring her to participate in a RRC. The undersigned believes that the RRC would provide the most appropriate environment which is conducive for supervision purposes.

It is respectfully recommended that the attached Waiver of Hearing to Modify Conditions of Supervision be adopted. If the Court would prefer a warrant or summons issued, please advise and the undersigned will prepare the appropriate petition for your signature.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 26, 2012

s/Tommy Rosser   07/26/2012

Tommy Rosser
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

*Edward F. Shea*
Signature of Judicial Officer

*July 26, 2012*
Date

PROB 49
(3/89)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 26 2012

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

# United States District Court

### Eastern District of Washington

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

20    You shall reside in a residential reentry center (RRC) up to the expiration of your supervision. You shall abide by the rules and requirements of the facility and shall participate in programs offered by the facility at the direction of the supervising officer.

Witness: _____
Tommy Rosser
U.S. Probation Officer

Signed: _____
Kimberlee Ann Klamroth
Probationer or Supervised Releasee

7-25-12
Date

EDWA13 (12/02)

# EASTERN DISTRICT OF WASHINGTON
## U.S. PROBATION AND PRETRIAL SERVICES
## ADMISSION OF DRUG USE

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 26 2012

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

I, _____Klamroth, Kimberlee_____, hereby admit that I have used the following drug(s) on the date(s) indicated below without proper medical authorization in the form of a valid prescription or physician's instructions:

| DRUG | DATE |
|---|---|
| Cocaine | 7/23/12 |
| | |
| | |

This admission of drug use is made voluntarily and without threat or promise, and I understand that it can be used against me in U.S. District Court or U.S. Parole Commission proceedings. An admission may also result in my being requested to participate in an assessment and/or recommended treatment.

SIGNED _____[signature]_____  7.24.12
Defendant/Offender       Date

_____[signature]_____  7/24/12
USPTSO/USPO       Date